**GOODYEAR ATOMIC CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**Nos. 83–5407, 83–5509.**

United States Court of Appeals, Sixth Circuit.

Argued May 8, 1984.

Decided July 3, 1984.

John B. Rayson, E.H. Rayson (argued), Kramer, Johnson, Rayson, McVeigh & Leake, Knoxville, Tenn., Arthur L. Sutton, Akron, Ohio, for petitioner.

Elliott Moore, Gen. Counsel, C.S. Stocking (argued), National Labor Relations Board, Washington, D.C., for respondent.

Before EDWARDS and CONTIE, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

This case is before the Court upon a petition for review and a cross-application for enforcement of an order of the National Labor Relations Board. For a recitation of pertinent facts, reference is made to the decision and order of the Board reported at 266 N.L.R.B. No. 160, 113 L.R.R.M. 1057, filed May 31, 1983.

The Board found that petitioner violated Section 8(a)(5) and (1) of the National Labor Relations Act as amended (29 U.S.C. § 151 *et seq.*) by failing to provide the Union with a requested information relevant to the health and safety of employees represented by the Union; including health and safety programs, monitoring and testing systems, devices and equipment and statistical data related to working conditions.

Petitioner, an Ohio corporation, is engaged in the manufacture of enriched uranium at its Piketon, Ohio facility. The Union is the Oil, Chemical and Atomic Workers International Union and its affiliated Local 3–689, which has represented a bargaining unit of production, service and maintenance employees at the Piketon facility for more than 25 years. The parties historically have recognized occupational health and safety as appropriate subjects for collective bargaining. Their bargaining agreement in effect at the time of the Union information request at issue in the present proceeding provided that "[t]he Union and the Company shall cooperate to further and improve the safety program" at the plant.

The Board ordered that petitioner "Furnish Local 3–689 the information it requested concerning employee health and safety programs, monitoring and testing systems, devices, and equipment, and statistical data related to working conditions *to the extent that such information does not include individual medical records from which identifying data have not been removed.*" (Emphasis supplied).

█ Petitioner contends that the Board's order will require disclosure of confidential medical information of employees in violation of the Privacy Act.[1] This Court holds this contention to be without merit. The decision of the Board cites and quotes from the Privacy Act and affirmatively provides that the petitioner shall not violate the Privacy Act in complying with the order of the Board. We construe the Board's order to require petitioner to produce medical infor-

mation that does *not* violate the Privacy Act.

It is upon the basis of this construction of the Board's decision and order that the Court grants enforcement.

Petitioner further contends that the demand of the Union and the order of the Board will result in burdensome costs in compiling the required informational data. Petitioner estimates it will cost $1,590,000 in search fees and $200,000 in copying fees, or a total of $1,790,000 to provide all the information requested by the Union. It was stated by petitioner's counsel in oral argument that Union representatives already have said that under no circumstances will the Union agree to bear any part of the cost of assembling and compiling the data.

The Board has ruled to the contrary in its decision:

"In the instant case ... Respondent offers no substantiation to its claim that the request would be prohibitively expensive in time, labor, and resources to fulfill. Respondent merely points to the breadth of the language of the Union's written request and, later, attempts to rely on the estimates of DOE regarding an entirely different type of information request in support of its position. Further, the genuineness of Respondent's claim is undermined significantly by the absence of any effort by Respondent to seek clarification from the Union in order to narrow the issues included within the request. Instead, Respondent ignored the Union's inquiries and only belatedly attempted to fashion an excuse for its conduct. Accordingly, we reject Respondent's contention that the burden of compliance absolves it of responsibility. We adopt the Administrative Law Judge's recommendation that Respondent must bear all costs of supplying the Union with the information it seeks unless it is clearly shown, during compliance proceedings, that substantial costs are involved. In that event, the parties *must bargain in good faith* as to the allocation of costs. Absent agreement on the distribution of costs, Respondent must grant the

---

**1.** Privacy Act of 1974, 5 U.S.C. § 552a. Public Law 93–579, 88 Stat. 1896.

Union access to the records from which the information can be derived, in conformance with such requirements as may be contained in the Privacy Act as set forth below." (Emphasis supplied)

It would appear that the petitioner and the Union should be able to agree as to the data reasonably required to meet the demand of the Union, and upon an inexpensive procedure for obtaining and supplying the information actually needed. If no agreement is reached between petitioner and the Union for an inexpensive procedure and if it is shown during compliance proceedings that substantial costs are involved, the decision of the Board requires that "the parties *must bargain in good faith* as to the allocation of costs."

We conclude that the requested material is relevant to collective bargaining and that the Board reasonably found that petitioner violated the Act by failing to provide to the Union the requested information relevant to the health and safety of employees represented by the Union.

Accordingly, enforcement of the order of the Board, as construed in this opinion, is granted. No costs are taxed. The parties will bear their own costs in this Court.